**UNITED STATES of America**

**v.**

**Joseph Robert PROVENZANO, et al.**

**Crim. A. No. 84–103.**

United States District Court,
E.D. Louisiana.

Jan. 25, 1985.

Virginia B. Bitzer, U.S. Dept. of Justice, New Orleans Strike Force, Louis Moore, Jr., Asst. U.S. Atty., New Orleans, La., for plaintiff.

Provino Mosca, Patrick Fanning, William O'Hara and John-Michael Lawrence, G. Pat Hand, Ralph Capitelli, Edward J. Castaing, Daniel A. McGovern, John T. Mulvehill, Federal Public Defender's Office, Virginia Laughlin Schlueter, Asst. Federal Public Defender, New Orleans, La., for defendants.

---

BEER, District Judge.

Before the Court, by written motion and, in some instances, oral motion of counsel for various defendants, is a consideration of the question of detaining the defendants pending appeal.

All defendants before the Court in these proceedings (except defendant Provenzano, who has already commenced serving a term of imprisonment) are to self-surrender at the institution where they will serve their prison sentence by noon on February 6, 1985. Thus, time is a definite consideration in dealing with these motions.

The record in these proceedings will authenticate that defendants were ably and diligently represented and fairly tried in a trial that lasted approximately three weeks. At the conclusion of the evidence gathering portion of the trial, all defense counsel were accorded an extended period in which to make their closing arguments, after which the jury was charged and then began their deliberations. Those deliberations continued over a period of four days. The jury seriously and conscientiously went about their work. The verdict rendered by them speaks clearly to the point that they carefully considered each count as to each defendant. Indeed, it may now be noted that I had some concern about the government's proof regarding one or two of the counts upon which the jury did, in fact, return not guilty verdicts. I did agree in all respects with their verdict as to each count involving each defendant.

Equally as diligent as the able defense counsel were the attorneys presenting the government's case. Though certain decisions which the government's attorneys made with respect to the method of presentation of their case may have been different than those which I might have made under the circumstances, I have no hesitation in concluding that the trial generated no substantial questions of law or fact which are likely to result in reversal on appeal. Nor were there any substantial questions of law or fact which will result in an order for a new trial.

Squarely before me, then, is the matter of determining whether I am empowered to grant defendants' motions. I conclude that I am not. For, having made the factual and legal determination above referred to, I find the provisions of 18 U.S.C. § 3143 to be clear, unambiguous and straightforward.

The report of the Senate Judiciary Committee regarding the statute here involved includes a detailed discussion of the change brought about as a result of the Comprehensive Crime Control Act of 1984. See: S.Rep. No. 98–225, 98th Cong., 2nd Sess., *reprinted in* 1984 U.S.Code Cong. & Ad. News, Vol. 9A, p. 29.

The legislative history of the statute includes the following:

"It has been held that although denial of bail after conviction is frequently justified, the current statute incorporates a presumption in favor of bail after conviction. It is the (sic) [1] presumption that the Committee wishes to eliminate in Section 3143."

The report further states that:

"Once guilt of a crime has been established in a court of law, there is no reason to favor release pending ... appeal. The conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law.

Second, release of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law, especially in those situations where an appeal of the conviction may drag on for many months or even years." *Id.*

District courts similarly confronted seem to have split on whether they will or will not follow what I perceive to be a clear, unequivocal mandate from the Congress. For example, a memorandum opinion of Honorable Susan Getzendanner, United States District Judge for the Northern District of Illinois, reached an opposite result

---

1. I believe this word was intended to be "this" instead of "the."

in *United States of America v. Cirrincione, et al,* 600 F.Supp. 1436 (N.D.Ill., 1985).

Judge Getzendanner reasons:

"The apparent purposes of the Act—to eliminate dilatory appeals and to help deter crime—are laudatory ones, but may not be used to enhance punishment of those who committed unlawful acts in possible reliance on previous standards." At 1445.

I am in disagreement with this rationale and with the conclusion that the congressional mandate embodied in the Comprehensive Crime Control Act of 1984 is being "used to enhance punishment." Here there is no enhancement of punishment. Congress has simply spoken clearly to the point at issue. They have revised the manner in which convicted defendants will be dealt with after conviction, and their mandate is to be followed on the basis of its fair, reasonable and sensible construction compatible with the apparent object and plain intention as expressed therein.

 There is no constitutional guarantee of bail pending appeal. See *United States v. Baca,* 444 F.2d 1292 (10th Cir.), *cert. denied,* 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294 (1971). Furthermore, Judge Getzendanner, apparently acknowledging this, has observed:

"To the extent that the post-conviction bail provision of the new Act is regulatory and not punitive, it necessarily falls outside the prohibitions of the ex post facto clause: ...."

However, she determines that:

"... Congress must have concluded that a sentence which commences immediately upon conviction is somehow more severe than a sentence which commences only after appeal." At 1443.

I believe this to be an inaccurate observation. Congress has done no more (and no less) than to conclude, in their legislative wisdom, that judicial officers shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment and who has filed an appeal (or a petition for a writ of certiorari) be detained unless the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. Having here made the determination that such is not here the case, defendants' motions for bail pending appeal must be denied.